BLANCHE, Judge.
Plaintiff, Mrs. Henrietta Dryden, filed suit to recover damages for personal injuries resulting from a fall which occurred on September 29, 1970, while she was shopping in Goudchaux’s, Inc., in Baton Rouge, Louisiana. Defendants, Goudchaux’s Inc., and Liberty Mutual Insurance Company, its liability insurer, answered plaintiff’s petition generally denying the allegations thereof and in the alternative pleaded contributory negligence on the part of plaintiff. From a judgment in favor of defendants dismissing plaintiff’s suit, plaintiff has devolutively appealed. We affirm.
Plaintiff, age eighty-three, testified that on the day she fell she was on the second floor of Goudchaux’s accompanied by her daughter, Mrs. Dorothy White, who was walking just ahead of her. She further stated that as they were walking toward the elevator from the gift wrap department a man pushing a cart laden with boxes hit her on the right side knocking her several feet before she hit the floor. Two men standing nearby lifted her onto a lounge chair. Then Mrs. White gave her mother a tranquilizer and called a physician, who instructed that she be taken to the hospital.
Dr. Phillip M. Castro examined plaintiff in the emergency room of the Baton Rouge General Hospital and, because she was “quite upset,” performed a general physical examination. Due to complaints of pain in both knees, he carefully examined both knees and discovered that they did not reveal any swelling or discoloration. He did not order X-rays of the knees. The doctor testified that she also had a full range of motion and no particular pain on manipulation, and it was his conclusion that she had contused both knees. Since he did not require that plaintiff remain in the hospital overnight, she went to her daughter’s home and spent the night. He next saw plaintiff in his office on October 1, 1970, and at that time he felt she was improving as far as her nervous condition was concerned, but she complained of aching all over. The doctor examined plaintiff once more at the request of her attorney in December of 1971. At that time he found that she was very anxious and nervous but there were no findings which he could relate to the fall at Goudchaux’s. At most he estimated that she was partially disabled after the fall for “a week, giving her benefit of the doubt.”
Mrs. Dorothy White testified that as they were walking down the aisle leading to the elevators, she was walking ahead of her mother and heard her say, “Why don’t you look where you arc going.” When she looked to the right, she saw her mother falling but did not see what caused her to fall. One employee of Goudchaux’s, Aaron Stockner, testified that he heard Mrs. Dryden say, “The boy was going too fast,” and another employee, Ralph H. Mayer, stated that she said, “he scared me.” Accordingly, plaintiff’s own statements made to others immediately after the accident are the only testimony on which plaintiff can rely to prove she was injured as a result of the negligence of a Goudchaux’s employee.
Joe Woodward, Jr., the employee who allegedly struck Mrs. Dryden, stated that he was propelling a two-wheeled hand cart *918 loaded with luggage and was eight to ten feet behind Mrs. Dryden when he saw her stumble and fall. Mr. Mayer, the sporting goods manager, testified that he was looking directly at Mrs. Dryden and saw her packages go up in the air as she fell to her hands and knees. He estimated that Joe Woodward was some eight to ten feet away from her at the time.
The only question in the case is one of fact which was resolved adversely to plaintiff by the trial judge with the following comment:
“Without reviewing the testimony in detail, the Court is of the opinion that it would be pure speculation on the part of the Court to find that the force precipitating Mrs. Dryden’s fall was initiated by a Goudchaux’s employee. Consequently the plaintiff has failed to carry the burden of proof required to show negligence on the part of the defendants.” (Oral Reasons for Judgment, Record, p. 96.)
We find no manifest error in this conclusion.
For the above and foregoing reasons, the judgment of the trial court is affirmed at plaintiff’s cost.
Affirmed.